FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 21 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

          Plaintiff,

  -against-

DONNA A. BAILY, also known as Donna Baily.

          Defendant.

------------------------------------------------------------X

ORDER

11-CV-3595 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

    Through its private counsel, Plaintiff United States of America moves for entry of a default judgment in this collection action against Defendant Donna Baily. (Docket Entry # 6.)

    The United States filed its complaint on July 26, 2011, (Docket Entry # 1), seeking to recover on two long-matured promissory notes that Baily executed in the summer of 1987. Baily never responded to the complaint and the Clerk of Court entered a notation of default on December 6, 2011. (Docket Entry # 5.)

    Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088, at *2 (S.D.N.Y. Apr. 23, 2009). The court has an independent obligation to assess requests for damages, which "usually must be established by the plaintiff in an evidentiary proceeding." Greyhound Exhibitgroup, 973 F.2d at 158; see also Fed. R. Civ. P. 55(b)(2) (stating that "the court may conduct . . . a hearing" to determine the amount of

damages on default judgment). The Second Circuit, however, has approved making such a determination without a hearing where detailed affidavits and other documentary evidence provide the court with a sufficient basis for doing so. Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citing additional cases).

The United States submitted with its complaint two affidavits of a Loan Analyst at the United States Department of Education who averred as to the amount of principle outstanding on the notes and the applicable rates of interest. Relying on those affidavits, the court calculates Baily's overall liability as follows:

Baily owes the Untied States a grand total of $3,878.84. The balance of unpaid principal on the United States' first claim is $1,033.83. The total interest accrued through May 31, 2011 (the date of the affidavits) was $649.11, and the interest accrued since then (at a rate of 8 percent per annum) is $46.46. Thus, to date, Baily owes a total $1,729.40 on the first claim. The unpaid principal on the United States' second claim is $1,200.05. The total interest accrued through May 31, 2011 was $541.95, and the interest accrued since then (at varying rates of 3.54 and 3.42 percent per annum[1]) is $22.44. Thus, to date Baily owes $1,764.44 on the second claim. The United States is also entitled to costs under 28 U.S.C. § 2412 in the amount of $385, which, when added to the amounts owed on the United States' first and second claims, brings Baily's total debt to $3,878.84 ($1,729.40 + $1,764.44 + $385).

---

[1] Interest accrues on the United States' second claim at a variable rate set annually by the Department of Education. The court takes judicial notice that the applicable rate changed on June 28, 2011.

The Clerk of Court is respectfully directed to enter judgment in the amount of $3,878.84 and close the case. Post-judgment interest shall be allowed pursuant to 28 U.S.C. § 1961.

SO ORDERED.

Dated: Brooklyn, New York
       December 20, 2011

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge